**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**Lucille and Rich Myers**

       **Plaintiffs,**

**v.**                           **Case No. 08-CV-2312 JWL/GLR**

**David D. Foltz,**

       **Defendant.**

**<u>MEMORANDUM AND ORDER</u>**

<u>Background</u>

This matter comes before the court on defendant's motion to dismiss Count II of plaintiff's complaint and to dismiss plaintiff Rich Myers.

Plaintiffs, who are Missouri residents, have filed suit against defendant, a Kansas resident, alleging that defendant negligently caused a traffic accident in Johnson County, Kansas that injured plaintiff Lucille Myers.  In Count I, Lucille Myers seeks to recover damages for her injuries, and in Count II, Rich Myers, her husband, seeks to recover damages for loss of consortium with his wife.  Defendants argue that, because Kansas statutes vest the cause of action for loss of consortium exclusively with the injured party and not his or her spouse, Count II of the complaint should be dismissed and Rich Myers should be dismissed as a party (Doc. 20).  Plaintiffs apparently concede that Kansas law governs the substantive rights of the parties in this matter but argue that Kansas law

would recognize that plaintiff Rich Myers' claimed injury arose in Missouri and that his cause of action therefore should be governed by Missouri law (*See* Doc. 22).  In addition, plaintiffs argue that if Rich Myers does not have a cause of action for loss of consortium, he nonetheless has standing to remain a plaintiff because of the medical expenses associated with his wife's injuries.

<u>Discussion</u>

A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits in an effort to reach the same result that would have been reached had the action been brought in state court.  *Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 641 (10th Cir. 1991) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72-73 (1938)).  This includes the forum state's rules regarding choice of law.  *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941).  This court's first task, therefore, is to apply Kansas law and reach the same result a Kansas court would reach with regard to which state's law governs Rich Myers' claim for loss of consortium.Kansas courts apply the rule of *lex loci delicti*, or place of injury, to determine which state's substantive law should apply to a tort claim.  *See, e.g.*, *Hawley v. Beech Aircraft Corp.*, 625 F.2d 991, 993 (10th Cir. 1980).  It is undisputed that Kansas law governs plaintiff Lucille Myers' negligence claim stemming from the injuries she suffered in the collision.  Plaintiffs contend, however, that Rich Myers has suffered a distinct injury in Missouri as a result of the loss of his wife's services and consortium, and that Missouri law should therefore govern his claim.  The difference between Kansas law and Missouri law with regard to loss of consortium is that, under the Kansas statute, the right of action for loss of consortium vests solely with the

person injured, and not with that person's spouse.  *See* Kan. Stat. Ann. § 23-205.
Missouri has no such statute.  Therefore, Rich Myers could state a cause of action for loss
of consortium under Missouri's substantive law but not under Kansas law.

Plaintiffs ask this court to apply Kansas' "place of injury" test and conclude that
because Rich Myers' loss of consortium arose in Missouri after the collision, Missouri
law should govern his claim.  The flaw in this argument is that federal courts interpreting
Kansas law have held that loss of consortium is not an independent cause of action but a
derivative claim.  *See Wood v. City of Topeka*, 90 F. Supp. 2d 1173, 1196 (D. Kan. 2000);
*Roberts v. Air Capitol Plating, Inc.*, No. 95-1348, 1996 WL 563830, at *2 (D. Kan. Sept.
27, 1996); *Ulrich v. K-Mart Corp.*, 858 F. Supp. 1087, 1095 (D. Kan. 1994).  There is,
under Kansas law as interpreted by federal courts, no free-standing loss of consortium
claim without an underlying cause of action.  *Wood,* 90 F. Supp. 2d at 1196.  Rich Myers'
claimed injury in this case is not legally cognizable under Kansas law as construed by
federal courts.  Indeed, the purpose of the Kansas statute vesting the right to recover for
loss of consortium solely in the injured party was to eliminate the need for both husband
and wife to file suit.  *White v. Toombs*, 178 P.2d 206, 207 (Kan. 1947).  If Kansas law
does not recognize Rich Myers' claimed injury as an actionable injury, then Kansas'
"place of injury" test fails as an avenue to apply Missouri law to his claim in this matter.
Therefore, Rich Myers does not have a valid cause of action under Kansas law for loss of
consortium, and any such claim must be brought by Lucille Myers in an amended
complaint.

Plaintiffs further contend that Rich Myers has standing to remain a plaintiff, absent

a claim for loss of consortium, because of the medical expenses caused by his wife's injuries.  The plaintiffs' complaint already seeks recovery of medical expenses on behalf of Lucille Myers and makes no reference to medical expenses incurred by Rich Myers. In addition, defendant submits that he has received no information to date suggesting that Rich Myers has personally incurred liability for his wife's medical expenses (See Doc. 26).  Nonetheless, Kansas courts recognize that, as long as there is no double recovery, "medical expenses due to a tortious injury to the wife are recoverable in an action brought by the husband." *Kelley v. Lee*, 461 P.2d 806, 810 (Kan. 1969).  *See also Topliff v. Gross*, No. 94-1415, 1997 WL 321291, at *3 (D. Kan. May 7, 1997) (allowing husband to seek recovery of expenses he incurred as a result of wife's injury); *Hinson v. Titan Tool, Inc.*, No. 93-1370, 1996 WL 473873, at *3 (D. Kan. May 31, 1996) (allowing wife to claim value of nursing services provided to injured husband).   Plaintiff Rich Myers may, therefore, remain a party to the action to the extent that he has incurred medical expenses arising from Lucille Myers' injuries that are distinct from those claimed by Lucille Myers.

<u>Conclusion</u>

Count II of plaintiff's complaint, seeking recovery for loss of consortium by Rich Myers, is hereby dismissed.  Plaintiffs will have until February 2, 2009 to file an amended complaint consistent with this order.

IT IS SO ORDERED.


Signed this 21st day of January, 2009.

s/John W. Lungstrum
JUDGE JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE